UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61828-CIV-MARRA/MATTHEWMAN

NICOLE RUTSKY,

Plaintiff,

vs.

TARGET CORPORATION and JOHN DOE,
Manager,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion to Amend Complaint by Substituting Party (DE 4).  The motion is fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Nicole Rutsky ("Plaintiff") filed a complaint in the Circuit Court of the Seventeenth Circuit in and for Broward County, Florida alleging negligence against Defendants Target Corporation ("Target") and John Doe, a Target manager, based on the failure to maintain its premises, inspect its floor and provide notice of a dangerous condition on the floor, thereby causing Plaintiff injuries. (Compl. ¶¶ 5, 8-19, DE 1-2.)  Target, on the basis of diversity jurisdiction, removed this case on September 18, 2012. (Notice of Removal, DE 1.)  On October 10, 2012, Plaintiff filed a motion to amend the complaint by substituting as a party, Rhonda Hooper, a resident of Florida party, for John Doe. (Proposed Am. Compl. ¶ 5, DE 4-1.) According to the proposed amended complaint, Ms. Hooper negligently maintained and inspected Target's floors, failed to warn or provide notice to Plaintiff about the dangerous

condition on the floor and supervised the employees that created the dangerous conditions.  (Id. at ¶¶ 14-18.)

Target opposes the amendment of the complaint and argues that the Court should deny joinder of the non-diverse defendant. Specifically, Target claims that the purpose of the amendment is to defeat diversity and that the proposed amended complaint fails to allege active negligence on the part of Ms. Hooper.  Further, Target states that while Plaintiff will not be harmed if the amendment is not allowed, Target will be harmed by being deprived of its right to defend the action in a federal forum.  In response, Plaintiff argues that, by substituting the name of Ms. Hooper, she is merely seeking to conform the amended complaint to the evidence, that she only learned of Ms. Hooper's identity through recent discovery, and she would be prejudiced by proceeding in two different courts.

II. Discussion

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). A district court faced with the issue of whether to permit or deny the joinder of a non-diverse party has two options: (1) deny joinder or (2) permit joinder and remand the case to state court. Ingram v. CSX Transportation, Inc., 146 F.3d 858, 862 (11th Cir.1998). The decision is committed to the sound discretion of the district court. Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir.1999); Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir.1987);[1]  Seropian v. Wachovia Bank, N.A., No.

---

[1]  Although Hensgens was decided before the enactment of § 1447(e), the factors outlined therein continue to guide district courts in deciding whether to permit or deny joinder in removal cases.

10-80397-CIV, 2010 WL 2822195, at * 2 (S.D. Fla. July 16, 2010).  Because the Court's decision will determine the continuance of jurisdiction, the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum. Hensgens, 833 F.2d at 1182.

In deciding whether to permit or deny joinder, the district court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.  Id.  In applying this balancing test, the district court should consider:  (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed and (4) any other factors bearing on the equities.  Hensgens, 833 F.2d at 1182; Mayes, 198 F.3d at 462; Duckworth v. State Farm Mutual Auto Ins. Co., No. 6:07-cv-2014-Orl-22DAB, 2008 WL 495380, at * 1 (M.D. Fla. Feb. 20, 2008); Portis v. Wal-Mart Stores, Inc., No. 07-0557-WS-C, 2007 WL 33086011, at * 3 (S.D. Ala. Oct. 19, 2007); Jones v.  Rent-A-Center East, Inc., 356 F. Supp. 2d 1273, 1275 (M.D. Ala. 2005). The district court should balance the equities and decide whether the amendment should be permitted. Hensgens, 833 F.2d at 1182; Mayes, 198 F.3d at 462.

 A district court, when faced with an amended pleading adding a non-diverse defendant in a case removed based on diversity jurisdiction, "should scrutinize that amendment more closely than an ordinary amendment" and should deny leave to amend unless strong equities support the amendment.  Smith v. White Consol. Industries, Inc., 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002).  The Court notes that, "[i]n balancing the equities, the parties do not start out on an equal footing." Sexton v. G & K Services, Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). This is

3

because of the diverse defendant's right to choose between a state or federal forum. Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000). Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. Id. (citing Hensgens, 833 F.2d. at 1181). Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist. Id.

In determining whether the purpose of adding a non-diverse defendant post-removal has been to defeat federal jurisdiction, courts often look to see whether the plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed. See Kleopa v. Prudential Inv. Management, Inc., No. 08-81386-CIV, 2009 WL 2242606, at * 3 (S.D. Fla. July 27, 2009); Smith v. White Consol. Industries, Inc., 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002); Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000); Sexton v. G & K Servs., Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala.1999).  In the instant case, Plaintiff explains that she learned, through recent discovery, the name of the "team leader" at Target, whom she previously identified in her original complaint as "John Doe."  According to Plaintiff, the proposed amended complaint seeks to conform the pleadings to this recently discovered evidence.

The Court, however, rejects this characterization by Plaintiff.  Instead, the Court finds that replacing "John Doe" with Ms. Hooper "constitutes a change in the party sued." Wayne v. Jarvis, 197 F.3d 1098, 1102-03 (11th Cir. 1999), overruled on other grounds, Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003) (citing Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468 (2d Cir. 1995) ("We have stated that it is familiar law that 'John Doe' pleadings cannot be used to

4

circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."), modified, 74 F.3d 1366 (2d Cir.1996); Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.1996) ("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties.")).  Indeed, the United States Court of Appeals for the Eleventh Circuit has held that the lack of knowledge regarding the identity of a party is not a mistake concerning the identity of the proper party for purposes of Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure and therefore does not relate back.  Id. at 1103.  Because the Court views this change to the pleadings as an amendment, and not merely a substitution of parties, the Court must scrutinize the amendment carefully.

Here, the substance of the proposed amendment supports a finding that Plaintiff's motivation is to destroy diversity jurisdiction.  Under the facts of this case, the Court also finds that Plaintiff will not be significantly prejudiced if this amendment is not allowed.  Plaintiff seeks to add a non-diverse defendant whose only possible addition to this lawsuit is to defeat diversity jurisdiction. There has been no showing that Plaintiff will not be able to obtain full relief on her claims in this Court without the presence of Ms. Hooper as a defendant. Plaintiff can obtain a judgment against Target without the presence of Ms. Hooper, discovery will allow Plaintiff access to the same information with or without Ms. Hooper in this case, there has been no suggestion that Target would be unable to satisfy a judgment and Plaintiff is free to sue Ms. Hooper in state court should she wish to do so. See Seropian, 2010 WL 2822195, at * 4 (citing Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000); Sexton v. G & K Servs., Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999)).  Based on the foregoing, the Court determines that Plaintiff was motivated to add Ms. Hooper for the purpose of defeating

jurisdiction and Plaintiff will not be harmed if the amendment is not allowed.

The Court notes that parallel lawsuits may cause Plaintiff to bear additional costs and time and does not serve the purpose of judicial economy. Id. at * 5 (citing Godwin v. National Union Fire Ins. Co. of Pittsburgh, Inc., No. 2:05CV783-SRW (WO), 2006 WL 3924795, at * 3 (M.D. Ala. 2006) (noting "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources")). Nonetheless, the Court concludes that the balance of the equities weighs against allowing the amendment.[2] The likelihood that Plaintiff will actually pursue a claim in state court against Ms. Hooper is remote given that Target is a fully solvent defendant who will be vicariously liable for any of Ms. Hooper's negligent conduct. Given that three factors of the four factors weigh in favor allowing the amendment, the Court finds that the equities weigh in Defendant's favor in this case.[3]

In sum, by applying the Hensgens factors relevant to a district court's exercise of discretion under 28 U.S.C. § 1447(e), the Court finds that the factors militate against allowing

---

[2] Although the Eleventh Circuit has not stated whether the fraudulent joinder doctrine applies to post-removal joinder of resident defendants, several other circuit courts have held that fraudulent joinder does not apply in this context. Wade, 2009 U.S. Dist. LEXIS 108908, at * 5-6 (citing Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 764 (7th Cir. 2009); Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999); Mayes, 198 F.3d at 463). For this reason, the Court rejects Plaintiff's argument that if a valid cause of action can be stated against Ms. Hooper the motion to amend should be granted. That is the standard used in determining whether a defendant initially named in the complaint is fraudulently joined. Seropian, 2010 WL 2822195, at * 3; but see Schur, 577 F.3d at 764 (the fraudulent joinder doctrine is "not dispositive of whether joinder is improper; it is simply another tool in the district judge's belt for scrutinizing the plaintiff's motive for joining a non-diverse party."); Nebula Glass Intl., Inc. v. Reichhold, Inc., No. 02-cv-60703, 2002 WL 33928919, at * 2 (S.D. Fla. Oct. 15, 2002)) (the court considered fraudulent joinder as one factor to decide the amendment issue).

[3] There is no basis to find Plaintiff acted in a dilatory fashion. Defendant does not dispute that Plaintiff learned about the existence of Ms. Hooper through recent discovery and proceeded to add her to this action shortly after the parties conducted their initial conference.

Plaintiff to amend the Complaint to destroy complete diversity. Having decided that it is not proper for Ms. Hooper to be added to this action, Plaintiff's motion to amend the complaint is denied.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend Complaint by Substituting Party (DE 4) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of November, 2012.

_____
KENNETH A. MARRA
United States District Judge